IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00230-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RUSSELL BRYANT LESTER,

    Defendant.

_____

**MOTION FOR DETERMINATION OF MENTAL COMPETENCY**
_____

    Counsel for the Defendant, Russell Lester, moves this Court for a determination of Mr. Lester's mental competency pursuant to 18 U.S.C. 4241.

1. <u>Introduction</u>

    Mr. Lester has been charged by indictment with six (6) counts of wire fraud and one (1) count of bank fraud. Undersigned counsel has been appointed to represent Mr. Lester in this matter. Undersigned counsel is concerned that Mr. Lester is incompetent to proceed, and is therefore required to raise this issue with the Court. Counsel's concerns are based on interactions with Mr. Lester and on consultations with mental health professionals who have evaluated Mr. Lester and observed his ability to assist properly in his defense.

1

2. <u>Counsel's Duty to Raise Competency and the Court's Duty to Determine Competency</u>

18 U.S.C. § 4241 provides that the Court "shall" hold a hearing to determine the mental competency of the defendant" if

> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

*Id*. The statute makes clear that the hearing to determine competency is mandatory where there is "reasonable cause to believe that the defendant may presently be" incompetent. The words "reasonable cause" and "may" show that the bar is not high to trigger a court's obligation to determine competency.

Defense counsel has similar obligations. In *United States v. Boigegrain*, 155 F.3d 1181, 1188 (10th Cir. 1998), the Tenth Circuit stated, "defense counsel has the most intimate association with the defendant. Therefore, the defendant's lawyer is not only allowed to raise the competency issue, but, because of the importance of the prohibition on trying those who cannot understand proceedings against them, she has a professional duty to do so when appropriate." See also *United States v. Sampson*, 820 F. Supp. 2d 202, 245 (D. Mass. 2011) (*quoting Robidoux v. O'Brien*, 643 F.3d 334, 338–39 (1st Cir. 2011))("where there are substantial indications that the defendant is not competent to stand trial, counsel is not faced

with a strategy choice but has a settled obligation . . . under federal law . . . to raise the issue with the trial judge and ordinarily to seek a competency examination.")

3. <u>Overview of Law Regarding Competency</u>

"It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992) (*citing Drope v. Missouri*, 420 U.S. 162 (1975); *accord McGregor v. Gibson*, 248 F.3d 946, 951 (10th Cir. 2001) ("[T]he criminal trial of an incompetent defendant violates due process. This prohibition is fundamental to an adversary system of justice.").

18 U.S.C. § 4241 and relevant caselaw mandate that the defendant be competent at all stages of the proceedings, not just at trial.  Section 4241 clearly contemplates competency inquiries over a wide period of time, *i.e.* "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of defendant."  In *Godinez v. Moran*, 509 U.S. 389, 402 (1993), Justices Kennedy and Scalia in concurrence noted that the requirement that  defendant be competent "is applicable from the time of arraignment through the return of a verdict."

The standard for determining competency to proceed to trial set out by the Supreme Court nearly 60 years ago has remained firmly established: "it is not

enough for the district judge to find that the defendant (is) oriented to time and place and (has) some recollection of events, but [] the test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960) (internal quotation omitted).

Reaffirming *Dusky*, the Supreme Court in *Godinez v. Moran*, *supra* at 402 (reasoned that "[r]equiring [] a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." This fundamental goal means that, "[f]or the defendant, the consequences of an erroneous determination of competence are dire. Because he lacks the ability to communicate effectively with counsel, he may be unable to exercise other 'rights deemed essential to a fair trial.'" *Cooper v. Oklahoma*, 517 U.S. 348, 364 (1996) (quoting *Riggins v. Nevada*, 504 U.S. 127, 139 (1992) (Kennedy, J., concurring in judgment)). So essential is this "modest aim" to a defendant's constitutional rights that the Supreme Court has held that requiring a defendant to show he was incompetent by clear and convincing evidence was unconstitutional because that standard failed to "'jealously guard[]' . . . an incompetent criminal defendant's fundamental right not to stand trial." *Cooper*, 517

U.S. at 363 (quoting *Jacob v. New York City*, 315 U.S. 752, 752-53 (1942)). In so holding, the Court reasoned that this fundamental right outweighs the Government's interest "in the prompt disposition of criminal charges" and its interest "in the efficient operation of its criminal justice system." *Cooper*, 517 U.S. at 365, 367.

With the Supreme Court's "modest aim" in mind, and in light of significant concerns regarding Mr. Lester's competency, the Court should order a competency evaluation and conduct a hearing to determine Mr. Lester's mental competency.

4. <u>Stay of Proceedings and Exclusion of Time From Speedy Trial Calculations</u>

18 USC §3161(h)(1)(A) excludes from speedy trial calculations the delay resulting from any proceeding, including any examinations, to determine the mental competency of the defendant. Accordingly, counsel requests that court settings, including the trial date, and motion filing deadlines be vacated and further proceedings in this matter be stayed pending a determination of Mr. Lester's competency to proceed pursuant to 18 U.S.C. 4241.

5. <u>Conferral with Government Counsel</u>

Undersigned counsel has conferred with the Assistant United States Attorneys assigned to this case and is authorized to inform the Court that the government does not oppose vacating the current trial date and motion filing

deadlines and staying further proceedings in this matter pending a determination of Mr. Lester's competency. Government counsel further agrees that, pursuant to 18 USC §3161(h)(1)(A), any delay resulting from any competency proceedings, including any delay related to examinations, should be excluded from speedy trial calculations.

6. Conclusion

   Based on the foregoing it is respectfully requested that the Court:

   a.  Conduct a hearing to determine Mr. Lester's competency pursuant to 18 U.S.C. §4241.

   b.  Order that court settings, including the trial date, and motion filing deadlines be vacated and further proceedings stayed pending determination of Mr. Lester's competency.

   c.  Order that any delay resulting from any competency proceedings, including any delay related to examinations, be excluded from speedy trial calculations.

   Respectfully submitted August 10, 2022.

NATHAN D. CHAMBERS LLC

By:   s/Nathan D. Chambers
Nathan D. Chambers
303 16th Street, Suite 200
Denver, Colorado 80202
(303) 825-2222
nchambers@nathanchamberslaw.com

CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/Nathan D. Chambers
Nathan D. Chambers

CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2022, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.

By:   s/Nathan D. Chambers
Nathan D. Chambers
303 16th Street, Suite 200
Denver, Colorado 80202
(303) 825-2222